IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02461-BNB

CLYDE HARRIS,

    Plaintiff,

v.

JOHN HICKENLOOPER, Ex Mayor of Denver,
SGT. JAMES MONEGHAN, Denver Police Dept.,
OFFICER LAURA FRANKLIN, Denver Police Dept.,
OFFICER MICHAEL LUMBARD, Denver Police Dept.,
OFFICER NOEL IKEDO, Denver Police Dept.,
OFFICER JOHN DOE, Denver Police Dept., and
DENVER MGR. [sic] OF SAFETY/CHIEF OF POLICE,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Clyde Harris, is a Colorado Department of Corrections prisoner incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Mr. Harris initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, asserting a deprivation of his constitutional rights. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has paid an initial partial filing fee.

The Court will construe the Complaint liberally because Mr. Harris is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellman***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for ***pro se*** litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. Mr. Harris therefore will

be directed to file an amended complaint for the reasons discussed below.

Mr. Harris alleges in his Complaint:

> I was laying on the ground as I was told. I was handcuffed while on the ground. Officer used his weight on my back causing damage to my back. Another unknown officers [sic] tied my right leg with something causing an injury to my hip by twisting my leg oddly. I need surgery on my hip now; Third [sic] party stomped my head causing me to get five stitches in the right eye.

Compl., at 3. Mr. Harris further alleges that Defendant Lumbard ordered him to get on the ground and, after he complied, pulled his arm in an upward position for over thirty minutes, causing Mr. Harris to experience severe pain in his lower back. *Id.* at 4. Plaintiff states that Defendant Franklin "held her service weapon on the Plaintiff and refused to intervene in the actions which caused the Plaintiff's injuries." *Id.* at 5. Mr. Harris also alleges that Defendant Ikeda placed his right leg in shackles and pulled it upward, causing severe pain and nerve damage in Plaintiff's foot. *Id.* at 6. Plaintiff seeks monetary relief from the Defendants.

Personal participation by the named defendants is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Harris therefore must show that each named Defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). A supervisor, such as Defendant Denver Mayor Hickenlooper, Defendant Sgt. James Moneghan, or Defendant Denver Manager of Safety/Chief of Police, cannot be held liable merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. ***See***

***Dodds v. Richardson,*** 614 F.3d 1185, 1199 (10th Cir. 2010).  Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993); ***see also Richardson***, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or ***Bivens***] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting ***Rizzo v. Goode***, 423 U.S. 362, 371 (1976)).

Indeed, in order to state a claim in federal court, Mr. Harris "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

Furthermore, Mr. Harris may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Harris uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Clyde Harris, file **within thirty (30) days from the date of this order,** an Amended Complaint on the court-approved Prisoner Complaint form that complies with the directives in this Order.  It is

FURTHER ORDERED that Mr. Harris shall obtain the court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Harris fails to file an Amended Complaint that complies with this order to the Court's satisfaction within the time allowed, Defendants Hickenlooper, Moneghan and the Denver Manager of Safety/Chief of Police will be dismissed without further notice.

DATED November 2, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge