IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11-cv-02461-CMA-KMT

CLYDE HARRIS,

    Plaintiff,

v.

OFFICER MICHAEL LUMBARD, Denver Police Dept.,
OFFICER LAURA FRANKLIN, Denver Police Dept.,
OFFICER NOEL IKEDO, Denver Police Dept., and
OFFICER JOHN DOE, Denver Police Dept.,

    Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiff's "Motion to File Amend (sic) Complaint" (Doc. No. 30, filed July 11, 2012 ["Mot."]). Defendants collectively filed their "Response to Motion to File Amend Complaint" on August 8, 2012 (Doc. No. 32 ["Resp."]). Pursuant to D.C.COLO.LCivR 7.1C, Plaintiff had until August 22, 2012 to file a reply. However, no reply was filed before, or at any time after, that date. Accordingly, this motion is ripe for the court's review and recommendation.

Comparing the tendered amended prisoner complaint (Mot., Ex. 1, Second Amended Complaint ["SAC"]), and Plaintiff's amended prisoner complaint from November 28, 2011 (Doc. No. 7), the court finds that Plaintiff is attempting to clarify the amended complaint of

November 28, 2011 only by: 1) adding the actual date on which the complained about event happened, June 26, 2010 (Mot., Ex. 1 at 4-6); 2) correcting the Administrative Relief section to check "yes" to the inquiry about the availability of formal grievance procedures at the institution but nevertheless maintaining that grievance procedures do not apply to this pre-confinement incident (*id*. at 7), and; 3) reducing his demand from "Five.two Million Dollars ($5,200,000)" to an even five million dollars (*id*. at 8). Plaintiff does not seek to add any additional claims or defendants.

## PROCEDURAL HISTORY

The court held a scheduling conference on April 2, 2012, setting the deadline for amending all pleadings to May 25, 2012, and the discovery deadline to October 2, 2012. (Doc. No. 25.) Plaintiff thereafter attempted to amend his complaint on several occasions, but did not follow proper procedures, causing his documents to be stricken. (Minute Order dated April 30, 2012, Doc. No. 27; Minute Order dated May 31, 2012, Doc. No. 29.) Both attempts by Plaintiff to modify his complaint were tendered within the allowable period of time, however, he failed to file a motion requesting that he be allowed to file the amendments. The first attempted amendment appeared to seek only the correction of the claimed damages amount from $5,200,000 to $5,000,000. (Stricken Complaint, Doc. No. 26.) The second attempt, filed on May 25, 2012, was virtually identical to the SAC. (*Compare* Stricken Tendered (Amended) Prisoner Complaint (Doc. No. 28), *with* SAC.) In the Minute Orders rejecting the improperly filed amended complaints, the court twice explained, "[t]o the extent Plaintiff wishes to amend his complaint, he must file a motion pursuant to Fed. R. Civ. P. 15(a)(2) and attach the proposed

amended complaint to the motion. The proposed amended complaint must stand alone; it must contain all of the plaintiff's claims."  (Doc. Nos. 27, 29.)

In the instant motion, Plaintiff attempts compliance with the court's orders, stating, "Plaintiff's Amended Complaint (Doc. NO. 28.Filed May 25, 2012) having been stricken by the court by Minute Order dated May 31, 2012 Plaintiff moves to file his amend (sic) Compliant pursuant to Fed.R.Civ.P. 15(a)(2).  A copy of Pantiff's (sic) Amended Complaint is attached." (Mot.)  Defendants' response simply argues that at this juncture, the tendered SAC is out of time, and should be disallowed because Plaintiff failed to state any grounds for allowance of his amendment, stating that "a Scheduling Order may be amended only 'for good cause and with the judge's consent.'" (Resp. at 2.)

While there is good reason generally for litigants to be compelled to comply with the Rules of Civil Procedure, there is a limit to the amount of maze navigating to which a *pro se* litigant should be subjected.  That limit has been reached.

## LEGAL STANDARDS

### A. *Pro Se Litigant*

Petitioner is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that Petitioner can prove facts that have not been alleged, or that Respondents have violated laws in ways that Petitioner has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a petitioner's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the petitioner in the absence of any discussion of those issues"). The Petitioner's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.   *Amendment of Pleadings*

Because Plaintiff filed his motion after the deadline for amending the pleadings, the court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b), then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a). This court has stated that

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted).

Once Plaintiff has shown good cause for modifying the scheduling order, he must also satisfy the requirements of Rule 15(a) for amending the pleadings. Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

## ANALYSIS

Plaintiff filed his Motion almost two months after the deadline for amending pleadings, and approximately halfway through the time frame allotted for discovery. At this point, the discovery process has concluded. While Plaintiff complied procedurally with the requirements that the proposed amended complaint be attached to a motion, he does not set forth any grounds in that motion why the discovery deadline could not have been met despite his diligent efforts. *See Pumpco, Inc.*, 204 F.R.D. at 668. Nevertheless, Plaintiff does not seek to add additional claims or defendants that would require further discovery. Moreover, because the Rule 16(b)

inquiry focuses on Plaintiff's diligence, rather than Defendants' prejudice, *see id.*, Plaintiff's demonstrated efforts to tender an amended complaint before the deadline strongly weigh in favor of finding good cause. Consequently, the court finds that Plaintiff has shown the good cause, albeit implicitly, to satisfy Rule 16(b).

Turning to the Rule 15(a) standard that Plaintiff must also satisfy, Defendants offer no argument why Plaintiff is not entitled to amend under this standard. Notwithstanding the lack of argument, consideration of prejudice is appropriate here, as prejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006); *see also* 6 Wright, Miller, & Kane, Federal Practice and Procedure § 1487 (3d ed. 2010) ("Perhaps the most important factor . . . for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter a pleading"). Functionally, Plaintiff's addition of dates to the SAC acts to conform his complaint to contain the date-specific information he would likely be required to show at trial, but Defendants have already conceded in their Answer that they are fully aware of the date when the incident occurred. (*See* Answer, Doc. No. 20 ¶ 8.) In that sense, Defendants are faced with no new material to incorporate into their defense. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no evidence of prejudice when the "[p]etitioner's amended claims track the factual situations set forth in his [original] claims"). This, combined with the lack of a pending motion to dismiss, minimizes the burden of re-filing an Answer to the SAC. As such, the court finds Plaintiff's proposed amendments will not result in undue prejudice.

Plaintiff's diligence in attempting to file before the deadline for amending pleadings, and to comply with court-ordered directions, also negates a finding of undue delay or bad faith, two other factors that may justify refusal to allow leave to amend. *See Frank*, 3 F.3d at 1365. Thus, the court finds that Plaintiff also satisfies the liberal, and more lenient, requirements for amending under Rule 15(a). Therefore, it is

**ORDERED** that Plaintiff's "Motion to File Amend (sic) Complaint" (Doc. No. 30) is **GRANTED**. The Clerk of Court is directed to file Plaintiff's Second Amended Complaint (Doc. No. 30-1). It is further

**ORDERED** that Defendants shall file their Answer or otherwise respond to Plaintiff's Second Amended Complaint on or before November 1, 2012. It is further

**ORDERED** that no dates contained in the Scheduling Order (Doc. No. 25) will be amended or changed by this Order.

Dated this 18th day of October, 2012.

BY THE COURT:

*[signature]*

Kathleen M Tafoya
United States Magistrate Judge